IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 37008

| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 536 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: June 29, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JASON MICHAEL VANDER ESCH, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael E. Wetherell, District Judge.

Order revoking probation and requiring execution of unified ten-year sentence with three-year determinate term for burglary, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett, LLP; Deborah Whipple, Boise for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

Jason Michael Vander Esch entered an *Alford*[1] plea to burglary. Idaho Code § 18-1401. The district court imposed a unified ten-year sentence with a three-year determinate term, but after a period of retained jurisdiction, suspended the sentence and placed Vander Esch on probation. Thereafter, Vander Esch admitted violating the conditions of probation and the district court continued probation. After additional probation violations were admitted, the district court revoked probation and again retained jurisdiction, and Vander Esch was again placed on probation. Subsequently, Vander Esch admitted to violating several terms of the

_____

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

probation, and the district court consequently revoked probation and ordered execution of the original sentence. Vander Esch appeals, contending that the district court abused its discretion in revoking probation and that the sentence is excessive.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 326, 834 P.2d at 328; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 326, 834 P.2d at 328.

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of the probation. *Id.*

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in ordering execution of Vander Esch's original sentence without modification. Therefore, the order

revoking probation and directing execution of Vander Esch's previously suspended sentence is affirmed.