**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 37093, 37133 & 37134**

| | |
|---|---|
| **STATE OF IDAHO,** ) | **2010 Unpublished Opinion No. 589A** |
| ) | |
| **Plaintiff-Respondent,** ) | **Filed: September 8, 2010** |
| ) | |
| **v.** ) | **Stephen W. Kenyon, Clerk** |
| ) | |
| **JOSE LUIS ZEPEDA,** ) | **THIS IS AN UNPUBLISHED** |
| ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** ) | **BE CITED AS AUTHORITY** |
| ) | |
| ) | **AMENDED OPINION** |
| ) | **THE COURT'S PRIOR OPINION** |
| ) | **DATED AUGUST 11, 2010, IS** |
| ) | **HEREBY AMENDED** |
| ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Daniel B. Meehl, District Judge.

Judgment of conviction and unified sentence of eight years, with a minimum period of confinement of three years, for grand theft by possession of stolen property, affirmed; orders revoking probation and requiring execution of concurrent unified ten-year sentences, with three-year determinate terms, for burglary and forgery, affirmed.

Deborah Whipple of Nevin, Benjamin, McKay & Bartlett LLP, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Elizabeth A. Koeckeritz, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

_____

PER CURIAM

In Docket No. 37133, Jose Luis Zepeda pled guilty to one count of burglary. I.C. § 18-1401. In Docket No. 37134, Zepeda pled guilty to one count of forgery. I.C. § 18-3601. In exchange for his guilty pleas, additional charges including allegations that Zepeda was a persistent violator were dismissed. The district court imposed a unified ten-year sentence, with a

three-year determinate term, for burglary and a concurrent unified ten-year sentence, with a five-year determinate term, for forgery. The district court, however, retained jurisdiction and thereafter suspended the sentences and placed Zepeda on probation. Zepeda violated the terms of his probation, but the district court again placed Zepeda on probation.

In Docket No. 37093, Zepeda entered an *Alford*[1] to one count of grand theft by possession of stolen property. I.C. § 18-2403(4)(a) and 18-2407(1)(b)(1). In exchange for his guilty plea, the district court also dismissed an allegation that Zepeda was a persistent violator. The district court consequently revoked Zepeda's probation and ordered execution of his original sentences for burglary and forgery. For grand theft by possession of stolen property, the district court sentenced Zepeda to a unified term of eight years, with a minimum period of confinement of three years, to run concurrent with his burglary and forgery sentences. Pursuant to an I.C.R. 35 motion, the district court reduced Zepeda's sentence for forgery to a unified term of ten years, with a minimum period of confinement of three years. Zepeda appeals, contending that the district court abused its discretion in revoking probation and that the sentences are excessive.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 326, 834 P.2d at 328; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 326, 834 P.2d at 328.

---

[1]    *See North Carolina v. Alford*, 400 U.S. 25 (1970).

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.*

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in ordering execution of Zepeda's original and modified sentences. Therefore, the order revoking probation and directing execution of Zepeda's previously suspended sentences for burglary and forgery and his judgment of conviction and sentence for grand theft by possession of stolen property are affirmed.