**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 37150 & 37151**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2010 Unpublished Opinion No. 708** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: November 16, 2010** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **KEVIN CHRISTOPHER ROACH,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Ronald J. Wilper, District Judge.

Orders revoking probation and requiring execution of unified three-year sentence, with one-year determinate term, and concurrent unified seven-year sentence, with one-year determinate term, for two counts of possession of methamphetamine, affirmed.

Molly J. Huskey, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

In Docket No. 37150, Kevin Christopher Roach pled guilty to one count of possession of methamphetamine. I.C. § 37-2732(c). The district court imposed a unified three-year sentence, with a one-year determinate term, but suspended the sentence and placed Roach on probation.

In Docket No. 37151, Kevin Christopher Roach pled guilty to one count of possession of methamphetamine. I.C. § 37-2732(c). The district court imposed a unified seven-year sentence, with a one-year determinate term, and ordered Roach's sentence to run concurrent with his sentence in Docket No. 37150.

1

In both cases, Roach admitted to violating the terms of the probation on numerous occasions and also participated in the retained jurisdiction program. The district court ultimately revoked probation and ordered execution of the original sentences. Roach filed I.C.R. 35 motions for reduction of his sentences, which the district court denied. Roach appeals, contending that the district court abused its discretion in revoking probation and that the sentences are excessive.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 326, 834 P.2d at 328; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 326, 834 P.2d at 328.

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.*

Applying the foregoing standards, and having reviewed the records in these cases, we cannot say that the district court abused its discretion either in revoking probation or in ordering execution of Roach's original sentences without modification. Therefore, the orders revoking probation and directing execution of Roach's previously suspended sentences are affirmed.