**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 37793/37794**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2011 Unpublished Opinion No. 356 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 10, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ANDREW CHARLES WALDRON, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. R. Barry Wood, District Judge.

Order revoking probation and requiring execution of unified ten-year sentence with two-year determinate term for sexual abuse of a minor child under sixteen, affirmed; judgment of conviction and unified sentence of five years, with a minimum period of confinement of three years, for threats and other improper influence in official matters, affirmed.

Molly J. Huskey, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge, LANSING, Judge
and GUTIERREZ, Judge
_____

PER CURIAM

This is a consolidated appeal. In Docket No. 37793, Andrew Charles Waldron was convicted of sexual abuse of a minor child under sixteen, Idaho Code § 18-1506(1)(b). The district court imposed a unified ten-year sentence with a two-year determinate term, suspended the sentence and placed Waldron on supervised probation for five years. Approximately one week later, Waldron violated several terms of the probation. While awaiting his probation violation hearing, Waldron was charged in Docket No. 37794 with new offenses, including threats and other improper influence in official matters, I.C. § 18-1353, and ultimately pleaded

1

guilty to the threats charge. The district court consequently revoked probation and ordered execution of the original sentence in Docket No. 37793 and imposed a consecutive unified five-year sentence with three years determinate in Docket No. 37794 for the threats offense. Waldron appeals, contending that the district court abused its discretion in revoking probation in Docket No. 37793 without sua sponte reducing the sentence, and that the sentence in Docket No. 37794 is excessive.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is (1) achieving the goal of rehabilitation and (2) consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327.

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Applying these standards,

and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, the order revoking probation and directing execution of Waldron's previously suspended sentence in Docket No. 37793, and the judgment of conviction and sentence in Docket No. 37794 are affirmed.