**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38303**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2011 Unpublished Opinion No. 764** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: December 30, 2011** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **GEORGE ANTHONY SANCHEZ,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

Order revoking probation and requiring execution of unified four-year sentence with one-year determinate term for possession of a controlled substance with intent to deliver, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jason M. Gray, Deputy Attorney General, Boise, for respondent.

Before GRATTON, Chief Judge; LANSING, Judge;
and MELANSON, Judge

PER CURIAM

George Anthony Sanchez was convicted of possession of a controlled substance with intent to deliver, Idaho Code § 37-2732(a)(1)(B). The district court imposed a unified four-year sentence with a one-year determinate term, but after a period of retained jurisdiction, suspended the sentence and placed Sanchez on probation for three years. Following a report of probation violations, Sanchez's probation was revoked and the district court executed the underlying sentence and again retained jurisdiction. After the second period of retained jurisdiction, the district court suspended the sentence and placed Sanchez on probation. Subsequently, Sanchez admitted to violating several terms of the probation, and the district court consequently revoked

1

probation and ordered execution of the original sentence. Sanchez appeals, contending that the district court abused its discretion in revoking probation and in failing to sua sponte reduce his sentence upon revocation of probation.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation, a court must examine whether the probation is achieving the goal of rehabilitation and is consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327.

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of the probation. *Id.*

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in ordering

2

execution of Sanchez's original sentence without modification.  Therefore, the order revoking probation and directing execution of Sanchez's previously suspended sentence is affirmed.