**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42717**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Unpublished Opinion No. 688** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed:  October 30, 2015** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **BRANDON E. SAVAGE,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County.  Hon. Molly J. Huskey, District Judge.

Revocation of probation and execution of original sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

_____

PER CURIAM

Brandon E. Savage pled guilty to possession of sexually exploitative material.  Idaho Code § 18-1507A.  The district court imposed a unified sentence of ten years with three years determinate, suspended the sentence, and placed Savage on probation for a period of ten years.  Several years later, pursuant to a post-conviction proceeding, the district court resentenced Savage to a unified sentence of ten years with three years determinate, suspended the sentence, and placed Savage on probation for a period of ten years.  Subsequently, Savage admitted to violating his probation on two occasions and on each occasion the district court revoked his probation and reinstated his probation under the same terms and conditions as his original judgment.  Savage was found to have violated the terms of his probation for a third time, and the

1

district court consequently revoked probation and ordered execution of the original sentence. Savage appeals, contending that the district court abused its discretion in revoking probation and executing his original sentence instead of retaining jurisdiction or reinstating probation.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id*.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in ordering execution of Savage's sentence without modification. Therefore, the order revoking probation and directing execution of Savage's previously suspended sentence is affirmed.