**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 43385/43386**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 379** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: February 10, 2016** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **JAMES D. RIDINGS,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Stephen S. Dunn, District Judge.

Order revoking probation and requiring execution of unified five year sentence with two years determinate term for possession of a controlled substance, <u>affirmed</u>; order revoking probation and requiring execution of unified five year sentence with three years determinate term for possession of a controlled substance, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GUTIERREZ, Judge; GRATTON, Judge;
and HUSKEY, Judge

---

PER CURIAM

In Docket No. 43385 James D. Ridings pled guilty to possession of a controlled substance, methamphetamine. Idaho Code § 37-2732(c)(1). The district court imposed a unified sentence of five years with two years determinate, suspended the sentence and placed Ridings on probation for five years. Subsequently, Ridings admitted to violating the terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentence, and retained jurisdiction.

1

In Docket No. 43386 Ridings pled guilty to possession of a controlled substance, methadone, I.C. § 37-2732(c)(1). The district court imposed a unified sentence of five years with three years determinate, ordering the sentences in No. 43385 and 43386 to run concurrently, and retained jurisdiction. Following the period of retained jurisdiction, the district court suspended Ridings' sentences in these two cases and placed him on supervised probation for five years. Approximately two years later, Ridings again admitted to violating his probation and the district court continued Ridings on supervised probation for four years. Subsequently, Ridings admitted to violating the terms of his probation and the district court revoked his probation in Docket Nos. 43385 and 43386 and ordered the underlying sentences executed. Ridings appeals, asserting that the district court abused its discretion by revoking his probation.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id.*

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original

2

judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.*

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion by revoking probation. Therefore, the order revoking probation and directing execution of Ridings' previously suspended sentences are affirmed.