**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 44803, 44804, 44805 & 44806**

| | |
|---|---|
| STATE OF IDAHO, | ) 2017 Unpublished Opinion No. 549 |
| | ) |
| Plaintiff-Respondent, | ) Filed: August 10, 2017 |
| | ) |
| v. | ) Karel A. Lehrman, Clerk |
| | ) |
| WILLIAM PATRICK BERKELEY, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. Michael R. Crabtree, District Judge.

Judgment of conviction and orders revoking probation, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

_____

PER CURIAM

In 2008, William Patrick Berkeley pleaded guilty to felony driving under the influence of alcohol (DUI), Idaho Code §§ 18-8004, 18-8005. The district court imposed a unified ten-year sentence, with two years determinate, and retained jurisdiction. Following the rider, the district court placed Berkeley on a term of probation. In 2010, Berkeley pleaded guilty to another felony DUI, §§ 18-8004, 18-8005(c), and admitted violating his probation in the 2008 case. The district court imposed a concurrent, unified ten-year sentence, with three years determinate, for the new DUI, and revoked probation and executed the underlying sentence in the 2008 case. The district court retained jurisdiction in both cases. Following the rider, the district court placed Berkeley

1

on a term of probation. In 2012, Berkeley violated the terms of his probation and the district court reinstated his probation.

In 2014, Berkeley pleaded guilty to possession of a controlled substance, methamphetamine, § 37-2732(c)(1), and admitted violating the terms of his probation in his DUI cases. For the new charge, the district court imposed a concurrent, unified six-year sentence, with two years determinate, suspended the sentence, and placed Berkeley on a term of probation. The district court reinstated probation in Berkeley's two DUI cases.

In 2016, pursuant to a plea agreement, Berkeley entered an *Alford*[1] plea to unlawful possession of a firearm, §§ 18-2403(1), 18-2407(1)(b)(6), and admitted violating his probation in his three prior cases. For his new crime, the district court imposed a concurrent, unified three-year sentence, with one year determinate. The district court also revoked probation in Berkeley's other three cases and executed each underlying sentence. In aggregate, Berkeley was sentenced to a ten-year sentence, with three years determinate. Berkeley appeals, contending that the district court abused its discretion by imposing the sentence for unlawful possession of a firearm and by revoking probation and executing the underlying sentences in his other three cases.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation, a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601. A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v.*

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

*Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in sentencing Berkeley or in revoking probation and executing his underlying sentences. Therefore, the judgment of conviction and the orders revoking probation and directing execution of Berkeley's previously suspended sentences are affirmed.