**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 44840/44841/44842**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Unpublished Opinion No. 627** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed:  October 25, 2017** |
| | ) | |
| **v.** | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **DANIELLE DAWN KROEGER,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Samuel A. Hoagland, District Judge.

Judgment of conviction and unified sentence of seven years, with a minimum period of confinement of two years, for possession of methamphetamine, <u>affirmed</u>; judgment of conviction and unified sentence of seven years, with a minimum period of confinement of three years, for possession of methamphetamine, <u>affirmed</u>; and judgment revoking probation and retaining jurisdiction, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

_____

PER CURIAM

In these consolidated appeals, Danielle Dawn Kroeger pled guilty to felony driving under the influence, Idaho Code § 18-8004C (Docket No. 44840) and the district court imposed a unified sentence of five years with two years determinate, suspended the sentence, and placed Kroeger on supervised probation for a period of three years.  The district court included a special condition of Kroeger's probation regarding her failure to abide by the conditions of probation.

1

The district court specifically stated that if a probation violation occurred (either proven or admitted) it would be considered a violation of a fundamental condition of probation that would result in imposition of a period of retained jurisdiction or execution of the underlying sentence.

Approximately eighteen months later, in Docket No. 44841, Kroeger was charged with possession of methamphetamine, I.C. § 37-2432(c)(1); the State also filed a motion for violation of probation in Docket No. 44840. While these two cases were pending, Kroeger was charged with possession of methamphetamine, I.C. § 37-2432(c)(1), in Docket No. 44842. Pursuant to a plea agreement, Kroeger admitted to violating her probation, and she pled guilty to two counts of possession of methamphetamine. The district court revoked Kroeger's probation and executed the underlying sentence in Docket No. 44840; imposed concurrent unified sentences of seven years with two years determinate, and seven years with three years determinate in Docket Nos. 44841 and 44842, respectively; and retained jurisdiction in all three cases.

Following the period of retained jurisdiction, the district court commuted Kroeger's sentence in Docket No. 44840 and suspended her sentences and placed her on supervised probation in Docket Nos. 44841 and 44842. Kroeger appeals asserting that the district court abused its discretion by imposing excessive sentences in Docket Nos. 44841 and 44842; and the district court abused its discretion by retaining jurisdiction rather than placing her on probation in Docket No. 44840.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation

is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601. A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id.*

Applying the foregoing standards, and having reviewed the record in these cases, we cannot say that the district court abused its discretion either in sentencing or by revoking probation. Therefore, the judgments of conviction and sentences are affirmed.