845 P.2d 586

STATE of Idaho, Plaintiff–Respondent,

v.

Laura K. NEW, Defendant–Appellant.

No. 19991.

Court of Appeals of Idaho.

Jan. 26, 1993.

Alan E. Trimming, Ada County Public Defender, Mark F. Stewart, Deputy Public Defender, Boise, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SILAK, Judge.

Laura K. New appeals from an order of the district court revoking her probation and executing her previously imposed unified sentence of five years with two years fixed for grand theft. The issues raised are whether the district court abused its discretion in revoking New's probation, and whether the district court, upon revoking New's probation, abused its discretion in ordering into execution New's original sentence. We affirm.

## FACTS AND PROCEDURAL HISTORY

The underlying offense in this case occurred at about noon on July 8, 1989, when New asked an acquaintance whom she met at a party the night before if she could borrow his pickup to go to the store. After New failed to return the pickup by the evening of the following day, the pickup owner contacted the police and reported that the pickup had been stolen. Police reports indicate that witnesses saw New driving the pickup around Boise on the 9th and 10th of July. The record further indicates that on the 11th, New abandoned the pickup where it had broken down on the highway outside of Riley, Oregon, and that New was then picked up by a woman who allowed New to stay in her home that night. The next day, the 12th, New was given a ride to Bend, Oregon, where she applied to work as a live-in housekeeper for a couple. New remained in the home of the couple the night of the 12th, but the next morning the couple told New they did not want her to stay. New then asked the couple if she could borrow their car to go across town to see a friend. New took the car and never returned it. Later that night New called the couple and told them that they could find their car behind a store in Cairo Junction, Oregon. During the time of these incidents, New was wanted in Oregon for absconding from parole in another case. New was subsequently arrested in Idaho, and on August 2, 1989, the State of Idaho charged New with grand theft of the pickup. I.C. §§ 18–2403(1) & 18–2407(1).

After New pled guilty to the grand theft charge, the district court imposed a unified sentence of five years with two years fixed, but retained jurisdiction over New in order to evaluate her potential for successful probation. After the district court received

the report and recommendation of the rider program's evaluation committee, the district court decided to suspend execution of New's sentence and placed her on probation for the balance of the five-year sentence. About 13 months later, the state filed a motion for probation violation alleging that New had violated her probation by: (1) failing to report to her probation officer, (2) changing her address without permission, and (3) failing to complete the rehabilitation programs prescribed by her probation officer. After the district court accepted New's admissions of the first two alleged violations, the district court revoked New's probation and ordered that her original sentence be executed. The court also gave New credit for 419 days already served, to be credited toward the fixed portion of her sentence.

## ISSUES ON APPEAL

New's appeal requires us to address two issues: (1) whether the district court abused its discretion in revoking her probation; and (2) whether the district court, upon revoking New's probation, abused its discretion in ordering into execution her original sentence of two to five years in prison. We will address these two issues in turn.

## ANALYSIS

■ *1. Revocation of Probation.* When a defendant has violated any of the terms of probation, the decision to revoke probation rests within the sound discretion of the district court. I.C. § 20–222; *State v. Corder,* 115 Idaho 1137, 1138, 772 P.2d 1231, 1232 (Ct.App.1989). In determining whether a court has abused its discretion in revoking probation and ordering into execution a previously suspended sentence, the appellate inquiry centers upon whether the lower court acted within the boundaries of its discretion, consistent with any legal standards applicable to specific choices, and whether the court reached its decision by an exercise of reason. *State v. Hass,* 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct.App. 1988). In *Hass,* we identified two standards governing the decision whether to

revoke probation: (1) whether the probation is achieving the goal of rehabilitation, and (2) whether the probation is consistent with the protection of society. *Hass,* 114 Idaho at 558, 758 P.2d at 717.

■ The updated presentence investigation report (PSI) ordered by the court for the dispositional phase of New's probation revocation proceeding contains reports and recommendations from a number of correctional officials who worked with New. Those reports indicated that probation was not effective in rehabilitating New. New's parole officer in Oregon recommended that New not be placed back on probation, describing her as "highly manipulative and ... she avoids everything," "she absconded almost immediately from supervision", and "she is not interested in complying." New's probation officer on the instant case described New similarly, stating that she was trying to manipulate the system to her advantage, was dishonest, and did not care about her probation. Both her probation officer and the presentence investigator stated that New was not a fit candidate for probation and recommended that her probation be revoked. The PSI also indicated that New had held six different jobs in the thirteen months she was on probation, and that she was currently wanted for having absconded from parole in Oregon.

At the disposition hearing on New's probation violations, the district court noted that New's tendency to blame others and minimize her own responsibility for the consequences of her recalcitrant behavior had not changed since she was placed on probation. The judge further noted that New understood the conditions of her probation but chose to ignore them whenever compliance became inconvenient. Finally, after finding that New had absconded from probation, the judge stated:

> [t]here's no reason for me to think that you would successfully complete a probation if I placed you back on probation. And I think that your attitude towards the probation, your attitude towards the probation officer, suggest that you will continue to act in this manner.

Having carefully reviewed the record in this case, we hold that the district court acted within the boundaries of its discretion, consistent with the applicable legal standards, and that the district court reached its decision by an exercise of reason. Accordingly, we hold that the district court did not abuse its discretion in revoking New's probation.

 *2. Reinstatement of New's Original Sentence.* New also argues that, upon revoking her probation, the district court abused its discretion in ordering into execution her original sentence. The reasonableness of a sentence is determined by focusing on the probable length of confinement. In *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1983), we noted that

> [A] term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case.

In reviewing a sentence imposed under the Unified Sentencing Act, I.C. § 19-2513, the appellate court will treat the minimum period of incarceration as the probable duration of confinement. *State v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). That minimum period in this case is two years. Thus, New must show the sentence imposed by the district court was excessive under any reasonable view of the facts, considering the sentencing objectives. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992).

 The maximum penalty for New's grand theft conviction is fourteen years in prison and a $5,000 fine. I.C. § 18-2408(2)(a). New's prior record includes a felony forgery conviction, and a number of misdemeanors including negotiating bad checks, malicious injury to property, resisting arrest, DUI/reckless driving, phone harassment, and five incidents of driving while her license was suspended. At the time of this current case, New was wanted for absconding from parole in Oregon. New's PSI reveals that both her probation officer and the presentence investigator recommended that New not be returned to probation in the belief that she would not abide by its conditions and it would serve no protective or rehabilitative purpose. Her probation officer further recommended that New's original sentence be reinstated. Finally, we note that the suspension of New's original sentence was expressly conditioned on her compliance with the terms of her probation.

In light of New's character and the nature of her offense as revealed by the facts cited above, we cannot say that New's sentence of two years' confinement is unreasonable. Accordingly, we hold that New has failed to show that the district court abused its discretion in ordering into execution her original sentence, and that order is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.