**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 36903**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2010 Unpublished Opinion No. 482** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: May 25, 2010** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **LAYA ADOLFO SCOTT,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Darla S. Williamson, District Judge.

Order revoking probation and requiring execution of unified seven-year sentence with two-year determinate term for conspiracy to commit forgery, <u>affirmed</u>; order relinquishing jurisdiction, <u>affirmed</u>.

Greg S. Silvey, Kuna, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before LANSING, Chief Judge, GRATTON, Judge
and MELANSON, Judge

---

PER CURIAM

    Laya Adolfo Scott was convicted of conspiracy to commit forgery, Idaho Code §§ 18-1701; 18-3601, and the district court entered a withheld judgment and placed Scott on supervised probation for six years. Subsequently, Scott admitted to violating several terms of the probation, and the district court revoked the withheld judgment, imposed a unified seven-year sentence with a two-year determinate term, suspended the sentence, and placed Scott on supervised probation for seven years. Scott again admitted to violating several terms of her probation. The district court revoked probation, ordered execution of the original sentence, and retained jurisdiction. At the conclusion of the retained jurisdiction program, the court relinquished jurisdiction and

1

ordered execution of Scott's sentence. Scott appeals, contending that the district court abused its discretion in revoking probation and in relinquishing jurisdiction.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is (1) achieving the goal of rehabilitation and (2) consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327.

The decision as to whether to place a defendant on probation or, instead, to relinquish jurisdiction is committed to the discretion of the sentencing court. *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). It follows that a decision to relinquish jurisdiction will not be disturbed on appeal except for an abuse of discretion. *State v. Chapman*, 120 Idaho 466, 472, 816 P.2d 1023, 1029 (Ct. App. 1991). The standards governing the trial court's decision and our review were explained in *State v. Merwin*, 131 Idaho 642, 962 P.2d 1026 (1998):

> "Refusal to retain jurisdiction will not be deemed a 'clear abuse of discretion' if the trial court has sufficient information to determine that a suspended sentence and probation would be inappropriate under [the statute]." While a Review Committee report may influence a court's decision to retain jurisdiction, "it is purely advisory and is in no way binding upon the court." Idaho Code § 19-2521 sets out the criteria a court must consider when deciding whether to grant probation or impose imprisonment. . . . "A decision to deny probation will not be held to represent an abuse of discretion if the decision is consistent with [the § 19-2521] standards."

*Id.* at 648-49, 962 P.2d at 1032-33 (citations omitted).

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in relinquishing

jurisdiction at the conclusion of Scott's rider. Therefore, the order revoking probation and directing execution of Scott's previously suspended sentence, and the order relinquishing jurisdiction are affirmed.