# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 40704

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 339 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 27, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| BRADLEY PAUL SHAY, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Order revoking probation and reinstating previously suspended unified seven-year sentence with three-year determinate term for felony driving under the influence of alcohol, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

Bradley Paul Shay pled guilty to felony driving under the influence of alcohol, Idaho Code § 18-8004, 18-8005, and the district court imposed a unified seven-year sentence with a three-year determinate term and retained jurisdiction for 180 days. Following the period of retained jurisdiction, the district court suspended the sentence and placed Shay on probation for a period of four years. Subsequently, Shay admitted to violating several terms of the probation, and the district court continued Shay's probation. After another probation violation, the district court again continued Shay's probation, but extended the period of probation for an additional three years. Following several other probation violations and the extension of the period of

1

probation by one more year, the district court revoked Shay's probation and ordered the suspended sentence ordered into execution and retained jurisdiction. Following the period of retained jurisdiction, the district court once again placed Shay on probation for three years. Mindful of the fact that he has already been returned to probation, Shay appeals, contending that the district court abused its discretion by revoking probation.

The State argues that since the district court has returned Shay to probation, his challenge is moot and the appeal should be dismissed. We agree the claim is moot.

However, even if Shay could still challenge the prior revocation, it is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation, a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in revoking probation. Therefore, the order revoking probation is affirmed.