# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45319

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2018 Unpublished Opinion No. 426 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 18, 2018 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| TRAVIS SHANE MAI, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. Cheri C. Copsey, District Judge.

Order revoking probation, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Travis Shane Mai pled guilty to felony driving under the influence, Idaho Code §§ 18-8004, 18-8005(6). The district court withheld judgment and placed Mai on probation. Thereafter, Mai admitted to violating the terms of his probation. The district court consequently revoked the withheld judgment and probation. The district court entered a judgment of conviction and sentenced Mai to a unified term of seven years, with a minimum period of confinement of two years. The district court suspended the sentence and again placed Mai on probation. Subsequently, Mai admitted to violating the terms of the probation, and the district court revoked probation and ordered execution of Mai's sentence. However, the district court

1

retained jurisdiction and sent Mai to participate in the rider program. Mai appealed from the district court's order revoking probation, and this Court affirmed in an unpublished opinion. *State v. Mai*, Docket No. 44217 (Ct. App. Jan. 13, 2017). Following the period of retained jurisdiction, the district court once more suspended Mai's sentence and placed him on probation. Mai subsequently admitted to violating probation, and the district court revoked probation and ordered execution of the underlying sentence. Mai appeals, contending that the district court abused its discretion in revoking probation.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601. A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id.*

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in ordering execution of Mai's sentence without modification. Therefore, the order revoking probation and directing execution of Mai's previously suspended sentence is affirmed.