# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 49581/49582

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: March 28, 2023 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| GENEEN MARIE GILLOGLY, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. John K. Butler, District Judge.

Orders revoking probation, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Emily M. Joyce, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before LORELLO, Chief Judge; HUSKEY, Judge;
and BRAILSFORD, Judge

---

PER CURIAM

These cases are consolidated for appeal. In Docket No. 49581, Geneen Marie Gillogly pled guilty to possession of methamphetamine, Idaho Code § 37-2732(c)(1). In exchange for her guilty plea, an additional charge was dismissed. The district court imposed a unified sentence of three years with one year determinate, suspended the sentence, and placed Gillogly on probation. Subsequently, Gillogly admitted to violating the terms of the probation and pled guilty in Docket No. 49582 to possession of methamphetamine, I.C. § 37-2732(c)(1). The district court imposed a concurrent, unified sentence of five years with three years determinate and retained jurisdiction. Upon completion of retained jurisdiction, Gillogly was returned to probation for a period of three

1

years in both cases. Gillogly again admitted to violating her probation, and the district court revoked probation and retained jurisdiction a second time. Following the second period of retained jurisdiction, Gillogly violated her probation, and the district court revoked probation in both cases and ordered execution of the original sentences. Gillogly filed Idaho Criminal Rule 35 motions for reduction of her sentences, which were denied. Gillogly appeals, contending that the district court abused its discretion in revoking probation and ordering execution of her sentences without retaining jurisdiction.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal. *Id.*

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in ordering execution of Gillogly's sentences. Therefore, the orders revoking probation and directing execution of Gillogly's previously suspended sentences are affirmed.