# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50368

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

CORINNA JO CONN,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: May 18, 2023

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Peter G. Barton, District Judge.

Order revoking probation and ordering execution of the previously suspended sentence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

---

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

---

PER CURIAM

Corrina Jo Conn pled guilty to felony operating a motor vehicle while under the influence of alcohol (two or more convictions within ten years), Idaho Code §§ 18-8004, -8005(6), and misdemeanor injury to child, I.C. § 18-1501(3). In exchange for her guilty pleas, additional charges were dismissed. For the felony, the district court imposed a unified sentence of ten years, with two years determinate, suspended the sentence, and placed Conn on probation. For the misdemeanor, the district court ordered credit for time served. Subsequently, Conn admitted to violating the terms of the probation, and the district court revoked probation and ordered execution

1

of the previously suspended sentence. Conn appeals, contending that the district court abused its discretion in revoking probation.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation has been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id.*

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in revoking probation and ordering execution of Conn's sentence. Therefore, the order revoking probation and directing execution of Conn's previously suspended sentence is affirmed.