# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 50136/50137

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

JACOB AVERY VEIEN,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

Filed: August 18, 2023

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Nancy Baskin, District Judge.

Orders revoking probation and executing previously suspended sentences, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

    This appeal involves two consolidated cases. In Docket No. 50136, Jacob Avery Veien pleaded guilty to possession of a controlled substance, Idaho Code § 37-2732(c). The district court sentenced Veien to a unified sentence of five years, with a minimum period of incarceration of two years, suspended the sentence, and placed Veien on a term of probation. Subsequently, Veien admitted to violating the terms of the probation, which included admitting to a new charge in Docket No. 50137. The district court revoked, but reinstated, Veien's probation. In Docket No. 50137, Veien pleaded guilty to possession of a controlled substance, I.C. § 37-2732(c). The district court imposed a unified sentence of six years, with a minimum period of incarceration of

1

two years, to run concurrently with the sentence in Docket No. 50136. The district court suspended the sentence and placed Veien on probation. Thereafter, Veien admitted to violating the terms of his probation in both cases, and the district court revoked Veien's probation, ordered execution of the previously suspended sentences, and retained jurisdiction after which the district court placed Veien on probation. Once again, Veien admitted to violating the terms of his probation, and the district court revoked his probation and executed his previously suspended sentence in each case. Veien appeals, contending that the district court abused its discretion in revoking probation.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation has been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

Applying the foregoing standards, and having reviewed the records in these cases, we cannot say that the district court abused its discretion in revoking probation and ordering execution of Veien's previously suspended sentences. Therefore, the orders revoking probation and directing execution of Veien's previously suspended sentences are affirmed.