**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 50198/50199**

| | |
|---|---|
| STATE OF IDAHO, )<br><br>     **Plaintiff-Respondent,** )<br><br>v. )<br><br>**DAVID PAUL ECKMAN,** )<br><br>     **Defendant-Appellant.** )<br>_____ ) | **Filed: November 20, 2023**<br><br>**Melanie Gagnepain, Clerk**<br><br>**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Javier Gabiola, District Judge.

Orders revoking probation and directing execution of previously suspended sentences, <u>affirmed</u>.

Erik R. Lehtinen, Interim State Appellate Public Defender; Emily M. Joyce, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

David Paul Eckman has two cases in this consolidated appeal. In Docket No. 50198, Eckman pleaded guilty to possession of a controlled substance, Idaho Code § 37-2732(c)(1), and the district court imposed a unified five-year sentence, with two years determinate, suspended the sentence and placed Eckman on probation. In Docket No. 50199, Eckman pleaded guilty to sexual exploitation of a child, I.C. § 18-1507(2)(a), and the district court imposed a unified six-year sentence, with two years determinate, suspended the sentence and placed Eckman on probation. In each case, Eckman admitted to violating the terms of his probation, and the district court revoked Eckman's probation, executed the previously suspended sentences, and retained jurisdiction.

1

Following the period of retained jurisdiction, the district court again placed Eckman on a term of probation. Eckman subsequently admitted to violating the terms of his probation again, and the district court revoked probation and executed the previously suspended sentences. Eckman appeals, contending that the district court abused its discretion in revoking probation rather than continuing him on probation.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

Applying the foregoing standards, and having reviewed the records in these cases, we cannot say that the district court abused its discretion in revoking probation and ordering execution of Eckman's previously suspended sentences. Therefore, the orders revoking probation and directing execution of Eckman's previously suspended sentences are affirmed.