**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 50300/50301**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: January 29, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| ROBERT FRANK MILLS, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Scott Wayman, District Judge.

Orders revoking probation and executing the previously suspended sentence, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

———————————————————

GRATTON, Chief Judge, LORELLO, Judge;
and HUSKEY, Judge

———————————————————

PER CURIAM

This appeal involves two consolidated cases. In Docket No. 50300, Robert Frank Mills pled guilty to operating a motor vehicle without owner's consent, Idaho Code § 49-227. The district court imposed a unified sentence of five years, with two years determinate, suspended the sentence and placed Mills on a term of probation. Subsequently, Mills violated the terms of his probation by, in part, receiving new criminal charges in Docket No. 50301. Mills admitted to violating the terms of the probation in Docket No. 50300 and pleaded guilty to felony possession of a controlled substance, I.C. § 37-2732(c)(1), in Docket No. 50301. In Docket No. 50300, the district court revoked probation, ordered execution of the previously suspended sentence, and

1

retained jurisdiction. In Docket No. 50301, the district court imposed a unified sentence of four years, with two years determinate, to run concurrently with his sentence in Docket No. 50300, and retained jurisdiction. After the period of retained jurisdiction, the district court suspended the sentences and placed Mills on probation. Subsequently, Mills admitted to violating the terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentence in each case. Mills appeals, contending that the district court abused its discretion in revoking probation.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

Applying the foregoing standards, and having reviewed the records in these cases, we cannot say that the district court abused its discretion by revoking Mill's probation and ordering execution of his previously suspended sentences. Therefore, the orders revoking probation and directing execution of Mills' previously suspended sentences are affirmed.