**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51126**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: September 3, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| TALON SCOTT ROSS, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Order revoking probation, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LORELLO, Judge;
and TRIBE, Judge

_____

PER CURIAM

Talon Scott Ross pled guilty to robbery, Idaho Code §§ 18-6501, 18-6502, 18-204. In exchange for his guilty plea, additional charges were dismissed. The district court imposed a unified term of ten years with three years determinate and retained jurisdiction. Thereafter, the district court suspended the sentence and placed Ross on probation for three years. Ross admitted to violating the terms of the probation on multiple subsequent occasions, and each time the district court revoked probation, retained jurisdiction, and continued Ross on probation.

In 2019 the district court found Ross had violated his probation by committing two new crimes of felony injury to child and petit theft, and revoked probation and executed the underlying sentence. Ross appealed and the Idaho Supreme Court reversed the district court's decision and

1

remanded the case. *State v. Ross*, 170 Idaho 58, 507 P.3d 545 (2022). Following issuance of the remittitur, the State dismissed the probation allegation of felony injury to child. Ross admitted to violating his probation by committing petit theft. The district court determined that the petit theft allegation would have resulted in imposition of the underlying sentence and revoked probation, executed the underlying unified sentence of ten years with three years determinate for robbery and credited Ross for time served. Ross then filed an Idaho Criminal Rule 35 motion which the district court denied in part by declining to reduce the indeterminate portion of his sentence but granting Ross three years on probation. Ross later admitted to violating his probation and the district court continued his probation for the same term.

In 2023, Ross again admitted to violating his probation and the district court continued him on probation on the condition that he complete the Good Samaritan Program. Ross admitted to leaving the program, thereby again violating his probation. The district court continued his probation.

Ross absconded and committed new crimes and, consequently, the district court found that Ross had again violated his probation. The district court revoked Ross's probation, executed the underlying sentence of ten years with three years determinate, and credited Ross with time served. Ross appeals, contending that the district court abused its discretion when it revoked his probation and should have continued him on probation.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at

2

327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in ordering execution of Ross's sentence without modification. Therefore, the order revoking probation and directing execution of Ross's previously suspended sentence is affirmed.