# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 46483/46484

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: June 21, 2019 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| ANTHONY CHARLES SCHWAB, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Order revoking probation, affirmed; judgments of conviction and unified sentence of seven years with a two-year determinate term for possession of heroin and concurrent unified sentence of five years with a two-year determinate term for possession of methamphetamine, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LORELLO, Judge;
and BRAILSFORD, Judge

_____

PER CURIAM

These cases are consolidated on appeal. In Docket No. 46483, Anthony Charles Schwab pled guilty to possession of heroin, Idaho Code § 37-2732(c). The district court imposed a unified sentence of seven years with two years determinate, suspended the sentence, and placed Schwab on probation with the condition that he successfully complete the Drug Court program. Subsequently, Schwab admitted to violating the terms of the probation, including being discharged from the Drug Court program, and the district court consequently revoked probation,

1

ordered execution of the original sentence, and retained jurisdiction. Following the period of retained jurisdiction, the district court reinstated Schwab's probation with the condition that he successfully complete the Rider Aftercare program. Schwab was discharged from that program for committing several violations. In Docket No. 46484, Schwab was charged with possession of methamphetamine, I.C. § 37-2732(c), in violation of his probation in Docket No. 46483. The district court revoked probation and executed the underlying sentence in Docket No. 46483 and imposed a concurrent sentence of five years with two years determinate in Docket No. 46484. Schwab filed an Idaho Criminal Rule 35 motion for reduction of the sentence in Docket No. 46484, which the district court denied. Schwab appeals, contending that the district court abused its discretion in revoking probation in Docket No. 46483 and that the sentence in Docket No. 46484 is excessive.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601. A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well

established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Applying the foregoing standards, and having reviewed the record, we cannot say that the district court abused its discretion either in revoking probation and ordering execution of the sentence in Docket No. 46483 or in imposing Schwab's judgment of conviction and sentence in Docket No. 46484. Therefore, the order revoking probation and directing execution of Schwab's previously suspended sentence in Docket No. 46483 and the judgment of conviction and sentence in Docket No. 46484 are affirmed.