**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 49540/49541**

| | |
|---|---|
| STATE OF IDAHO,<br><br>      Plaintiff-Respondent,<br><br>v.<br><br>DAVID LEE PATTON,<br><br>      Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Filed: March 22, 2023**<br><br>**Melanie Gagnepain, Clerk**<br><br>**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Javier Gabiola, District Judge.

Order revoking probation and executing the previously suspended sentence, and judgment of conviction and unified five-year sentence, with three years determinate, for felony violation of no contact order, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

---

PER CURIAM

      This appeal involves two consolidated cases. In Docket No. 49540, David Lee Patton pled guilty to felony stalking in the first degree, Idaho Code § 18-7905(1)(a). The district court imposed a unified sentence of five years, with two years determinate, but after a period of retained jurisdiction, suspended the sentence and placed Patton on probation. Subsequently, Patton violated the terms of his probation, in part by incurring new criminal charges in Docket No. 49541. Patton admitted to violating the terms of the probation in Docket No. 49540, and pled guilty to felony violation of a no contact order, I.C. § 18-920(3), in Docket No. 49541.

1

At the consolidated disposition hearing and sentencing hearing, Patton asked the district court to suspend the sentences and grant probation in each case. In Docket No. 49540, the district court revoked probation and ordered execution of the previously suspended sentence. In Docket No. 49541, the district court imposed a unified sentence of five years, with three years determinate, to run concurrently with the sentence in Docket No. 49540. Patton appeals contending that the district court abused its discretion in revoking probation in Docket No. 49540 and by imposing an excessive sentence in Docket No. 49541.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation has been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Applying the foregoing standards, and having reviewed the records in these cases, we cannot say that the district court abused its discretion in revoking probation and ordering execution of the previously suspended sentence in Docket No. 49540. Similarly, the district court did not abuse its sentencing discretion in Docket No. 49541. Therefore, the order revoking probation and directing execution of Patton's previously suspended sentence in Docket No. 49540 and judgment of conviction and sentence in Docket No. 49541 are affirmed.