**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 50563/50564/50565**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: May 17, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| MICHAEL ALAN SCHAFFER, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Cynthia K.C. Meyer, District Judge.

Orders revoking probation and directing execution of Schaffer's previously suspended sentences in Docket Nos. 50563 and 50564; judgment of conviction and sentence in Docket No. 50565, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

---

PER CURIAM

This appeal involves three consolidated cases. In Docket No. 50563, Schaffer pleaded guilty to felony driving under the influence, Idaho Code §§ 18-8004, -8005(6), and possession of a controlled substance, I.C. § 37-2732(c)(1). In August 2018, the district court imposed a unified sentence of ten years, with a minimum period of incarceration of four years, for the driving under the influence charge, and a unified sentence of seven years, with a minimum period of incarceration of three years, for the possession of a controlled substance charge. After a period of retained jurisdiction, the district court placed Schaffer on a term of probation.

1

In September 2021, in Docket No. 50563, Schaffer admitted to violating the terms of the probation, which included admitting to a new criminal charge in Docket No. 50564. Based on Schaffer's admission, in Docket No. 50563, the district court revoked Schaffer's probation, ordered execution of the previously suspended sentence, and retained jurisdiction. In Docket No. 50564, Schaffer pleaded guilty to possession of a controlled substance, I.C. § 37-2732(c)(1), and the district court imposed a unified sentence of seven years, with a minimum period of incarceration of four years, and retained jurisdiction. Following a period of retained jurisdiction, the district court placed Schaffer on a term of probation in each case.

In October 2022, Schaffer admitted to violating the terms of his probation in Docket Nos. 50563 and 50564, which included admitting to a new criminal charge in Docket No. 50565. In Docket Nos. 50563 and 50564, the district court revoked probation and executed the previously suspended sentences. In Docket No. 50565, Schaffer pleaded guilty to delivery of a controlled substance, I.C. § 37-2732(a)(1), and the district court imposed a unified sentence of eight years, with a minimum period of incarceration of four years. Schaffer appeals, contending that the district court abused its discretion in revoking probation in Docket Nos. 50563 and 50564 and by imposing an excessive sentence in Docket No. 50565.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation has been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct.

2

App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id.*

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Applying the foregoing standards, and having reviewed the records in these cases, we cannot say that the district court abused its discretion in revoking probation and ordering execution of Schaffer's previously suspended sentences in Docket Nos. 50563 and 50564 or in imposing sentence in Docket No. 50565. Therefore, the orders revoking probation and directing execution of Schaffer's previously suspended sentences in Docket Nos. 50563 and 50564 and the judgment of conviction and sentence in Docket No. 50565 are affirmed.